IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICK OCHION JEWELL A/K/A "OCHION JEWELL", <br><br> Plaintiff, <br><br> v. <br><br> MUSIC LIFEBOAT, PASADENA ARTS COUNCIL, BRANDON BERNSTEIN, TERRY CARTER, AND SCOTT LORING, <br><br> Defendants. | Civil Action No.: 16-cv-1587 <br><br><br> COMPLAINT AND <br> DEMAND FOR JURY TRIAL |

Plaintiff Mr. Patrick Ochion Jewell a.k.a. Ochion Jewell ("Plaintiff"), by and through his undersigned attorney, for his complaint against Defendants Brandon Bernstein, Terry Carter, Scott Loring, Music Lifeboat, and the Pasadena Arts Council ("Defendants"), upon information and belief, hereby alleges the following:

### Nature of Action

1. This is an action for copyright infringement pursuant to the Copyright Act (Title 17, United States Codes) and for breach of contract and misappropriation of ideas pursuant to the laws of the State of New York.

### The Parties

2. Plaintiff Patrick Ochion Jewell currently resides at 75 Ocean Ave, Apt. #3S, Brooklyn, NY 11225.

3. Plaintiff is a musician and the original composer and owner of the copyrighted curriculum "Patrick Ochion Jewell Lesson Series for Beginning Band Instruments,"

with United States copyright registration number TX 7-961-122.  Attached hereto as Exhibit 1 is a copy of the certificate of registration for Plaintiff's copyrighted curriculum "Patrick Ochion Jewell Lesson Series for Beginning Band Instruments."

4. Plaintiff has also applied for copyright registration of his works "Rockin' Out the Blues" and "Theme For Strings," on January 4, 2016.  Attached hereto as Exhibits 2 and 3 are copies of the filing receipts from the United States Copyright Office for Plaintiff's works "Rockin' Out the Blues" and "Theme For Strings."

5. Upon information and belief, Music Lifeboat, is a corporation having its principal place of business at 819 West 31st Street, Long Beach, CA 90806.  Upon information and belief, Music Lifeboat is a project of the Pasadena Arts Council.

6. Upon information and belief, Defendants Brandon Bernstein, Terry Carter, and Scott Loring are co-founders of Music Lifeboat.

7. Upon information and belief, Defendants Brandon Bernstein, Terry Carter, and Scott Loring operate the Music Lifeboat website, www.musiclifeboat.org, as well as a dedicated mobile app called "Bandblast" that is designed to run on smartphones and other mobile devices.

8. The Music Lifeboat website and the mobile app Bandblast incorporate Plaintiff's copyrighted works "Patrick Ochion Jewell Lesson Series for Beginning Band Instruments" and "Rockin' Out the Blues."  The Music Lifeboat website and the mobile app Bandblast allow users to stream video lessons that incorporate Plaintiff's copyrighted works.

9. Upon information and belief, Defendants posted a video trailer for the BandBlast mobile app on www.vimeo.com, which incorporates Plaintiff's copyrighted work "Theme For Strings."

10. Upon information and belief, Defendants have caused the video lessons on the Music Lifeboat website and BandBlast mobile app and the trailer to be publicly accessible and have caused the video lessons on the Music Lifeboat website and BandBlast mobile app and the trailer to be downloaded and/or viewed in this judicial district and throughout the United States. Additionally, the Bandblast mobile app offers interactive capabilities that allow users to create unique profiles, play rhythm and pitch games and record themselves playing songs on an instrument accompanied by a recording of the song by a whole band.

11. Upon information and belief, the Pasadena Arts Council is a non-profit 501(c)(3) organization and their Federal ID is 95-2540759. Upon information and belief, the Pasadena Arts Council has its principal place of business at 65 South Grand Avenue, Pasadena, CA 91105. Upon information and belief, Music Lifeboat is a project of the non-profit Pasadena Arts Council and is fiscally sponsored by them.

12. Upon information and belief, Defendant Brandon Bernstein currently resides at 1155 South Grand Avenue, #904, Los Angeles, CA 90015. Upon information and belief, Defendant Brandon Bernstein is a co-founder of Music Lifeboat.

13. Upon information and belief, Defendant Terry Carter currently resides at 252 Monterey Pass Road, Monterey Park, CA 91754. Upon information and belief, Defendant Terry Carter is a co-founder of Music Lifeboat.

14. Upon information and belief, Defendant Scott Loring currently resides at 9 Heritage Court, Belmont, CA 94002-2944. Upon information and belief, Defendant Scott Loring is a co-founder of Music Lifeboat.

**Jurisdiction and Venue**

15. This is an action for copyright infringement pursuant to the Federal Copyright Act, Title 17, U.S. Code and for breach of contract and misappropriation of ideas pursuant to the laws of the State of New York.

16. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C §§ 1331 and 1338(a) because this action arises under the laws of the United States, specifically the above cited Copyright Act. Supplemental jurisdiction is also conferred upon this Court by 28 U.S.C. § 1367.

17. This Court has personal jurisdiction over Defendants under at least N.Y. C.P.L.R. § 302(a)(1)-(3) in that Defendants have, directly or through intermediaries, committed acts within New York giving rise to this action and/or has established minimum contacts with New York such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. Upon information and belief, Defendants have publically distributed and are continuing to distribute the infringing video lessons through the Music Lifeboat website and the Bandblast mobile app as well as the infringing trailer with the knowledge that such videos and trailer have been downloaded and/or viewed in the State of New York, including this District. Upon information and belief, Defendants have transacted business within the State of New York by contracting with Plaintiff to provide the curriculum for the video lessons that are accessible on the Music Lifeboat website and Bandblast mobile app and that Plaintiff's claims have arisen, at least in part, from that contract. Upon information and belief, Defendants have transacted business within the State of New York by hiring New York residents, such as game designers, consultants, music educators, and composers, to provide content for the Music Lifeboat website and/or Bandblast mobile app. Upon information and belief, Defendants have

derived substantial revenues from its infringing acts occurring within the State of New York and within this District.

18. Venue is proper in this judicial district pursuant to 28 U.S.C §§ 1391(b)-(d) and 1400(a).

**Background**

19. Plaintiff is a musician and composer. Plaintiff is also employed as a band instructor by the Brooklyn Conservatory of Music and, through the New York City Department of Education, teaches elementary school band at three public elementary schools and one private school in Brooklyn. For over twenty years, Plaintiff has taught private music lessons, primarily to children.

20. On our around January 2014, Plaintiff conceived of a music educational mobile app to teach children to play beginner band instruments.

21. On or around January 2014, Plaintiff began discussing his ideas regarding a music educational mobile app to teach children to play beginner band instruments with Defendants Brandon Bernstein, Terry Carter, and Scott Loring.

22. Plaintiff understood, based on his communications with Defendants Brandon Bernstein, Terry Carter, and Scott Loring, that a for-profit company would be formed based on the music educational mobile app, and in exchange for providing the curriculum for the app, Mr. Jewell would have 10% ownership of the company and receive 10% of the company's profit.

23. The agreement between Plaintiff and Defendants Brandon Bernstein, Terry Carter, and Scott Loring in Paragraph 22 *supra* was outlined in an email from Defendant Brandon Bernstein to Plaintiff, dated February 16, 2014, and attached hereto as Exhibit 4.

24. Upon information and belief, after agreeing to the essential terms in Paragraph 22 *supra*, Defendants Brandon Bernstein, Terry Carter, and Scott Loring promised Plaintiff a written agreement with these terms.

25. From on or around January 2014 through on our around March 2014, Mr. Jewell wrote approximately 180 lessons for the alto saxophone, tenor saxophone, trumpet, trombone, percussion, clarinet and flute curriculum based on his unique band instrument pedagogy.

26. Upon information and belief, Mr. Jewell received additional correspondence and had telephone discussions with Defendant Brandon Bernstein reiterating the essential terms negotiated with Defendants Brandon Bernstein, Terry Carter, and Scott Loring in Paragraph 22 *supra*.

27. Upon information and belief, Plaintiff and Defendants Brandon Bernstein, Terry Carter, and Scott Loring did not say that they would not be bound to the agreed-upon essential contract terms absent a signed written agreement.

28. On or around March 2014, Defendants Brandon Bernstein, Terry Carter, and Scott Loring demanded that Plaintiff send them the curriculum Plaintiff drafted, pursuant to the parties' agreement.

29. Before Plaintiff sent his curriculum to Defendants Brandon Bernstein, Terry Carter, and Scott Loring, Plaintiff asked for the written agreement Defendants had promised him.

30. On or around March 20, 2014, the Defendants Brandon Bernstein, Terry Carter, and Scott Loring sent Plaintiff a written agreement. (*See* attached Exhibit 5.) Plaintiff found the agreement to be unacceptable because it was not what was previously agreed upon and

was contradictory to itself.  For example, one provision gave Plaintiff "10% of the company for writing the curriculum" and stated that "[t]he curriculum is your intellectual property" and another provision stated that that Plaintiff's work was a "work for hire" and Defendants Brandon Bernstein, Terry Carter, and Scott Loring were "the sole and exclusive owner and copyright proprietor of all rights and title" in the work.  The contract also stated that Plaintiff would "not receive any further payment," but at that time, Plaintiff had not received any payment from Defendants Brandon Bernstein, Terry Carter, and Scott Loring.

31. Plaintiff did not sign the agreement.  Instead he communicated his concerns to Defendant Brandon Bernstein through email and by phone.

32. Upon information and belief, Defendants Brandon Bernstein, Terry Carter, and Scott Loring promised Plaintiff a revised written agreement and told Plaintiff that he should send them the curriculum because they had already hired professional musicians and booked a studio to make instructional videos based on Plaintiff's curriculum.

33. On or around March 30, 2014, due to increasing pressure from Defendants Brandon Bernstein, Terry Carter, and Scott Loring, Plaintiff provided them with his curriculum.

34. After receiving Plaintiff's curriculum, Defendants Brandon Bernstein, Terry Carter, and Scott Loring recorded instructional videos with professional musicians for the app and website based on Plaintiff's curriculum.  There are numerous similarities between the content of these instructional videos and Plaintiff's curriculum which evidence that the content of the instructional videos contains material copied from Plaintiff's copyrighted curriculum.

35. In addition, from January 2014 through September 2014, Plaintiff provided Defendants Brandon Bernstein, Terry Carter, and Scott Loring with additional ideas for the mobile app and provided many additional hours of work on the mobile app, including, but

not limited to, supervising software/game designers in designing the mobile app and its games, being filmed as an instructor of video lessons for the alto saxophone and tenor saxophone, composing an original song ("Rockin' Out the Blues") and 10 exercises used in the video lessons, arranging public domain songs used in the video lessons and "Record a Tune" option in the mobile app in a way that kids could play, co-composing game music for the rhythm and pitch games in the mobile app, and composing theme music ("Theme for Strings") for a trailer for the mobile app.

36. Upon information and belief, from January 2014 through September 2014, Plaintiff and Defendants Brandon Bernstein, Terry Carter, and Scott Loring engaged in discussions of how to monetize the company. Upon information and belief, during these conversations only profitable options were discussed and Defendants Brandon Bernstein, Terry Carter, and Scott Loring maintained that Plaintiff "owned 10% of the company."

37. Upon information and belief, on or around September 2014, Defendants Brandon Bernstein, Terry Carter, and Scott Loring communicated to Plaintiff they were going to incorporate the company Music Lifeboat as a not-for-profit company, and release Plaintiff's lessons to the public for free. Upon information and belief, Defendants Brandon Bernstein, Terry Carter, and Scott Loring told Plaintiff that he would retain 10% "ownership" in the not-for-profit company and that he would be compensated for his contributions.

38. On September 20, 2014, Plaintiff submitted his curriculum to the United States Copyright Office for registration. The Certificate of Registration shows that Plaintiff's work, titled, "Patrick Ochion Jewell Lesson Series for Beginning Band Instruments" was given Registration Number TX 7-961-122 and an effective date of registration of October 20, 2014. (*See* attached Exhibit 1.)

39. On or around December 2014, Plaintiff received a letter from Defendant Terry Carter stating that Defendants Brandon Bernstein, Terry Carter, and Scott Loring are moving forward incorporating a not-for-profit company. (*See* attached Exhibit 6). Attached to this correspondence was a Settlement Agreement, already signed by Defendants Brandon Bernstein, Terry Carter, and Scott Loring that offered Plaintiff $5,000 for his work, that his work was a "work made for hire," and that Defendants Brandon Bernstein, Terry Carter, and Scott Loring are the sole and exclusive owner and copyright proprietor of Plaintiff's works. Plaintiff did not sign this agreement.

40. Plaintiff was never compensated for any of his works or his ideas.

41. Upon information and belief, Defendants Brandon Bernstein, Terry Carter, and Scott Loring co-founded a corporation called "Music Lifeboat," as well as the affiliated website www.musiclifeboat.org and BandBlast mobile app. Upon information and belief, Defendants Brandon Bernstein, Terry Carter, and Scott Loring registered Music Lifeboat as a corporate entity with the California Secretary of State on or around October 21, 2014.

42. Upon information and belief, on or around April 2014 Defendants posted a video trailer for the BandBlast mobile app on www.vimeo.com, which incorporates Plaintiff's copyrighted work "Theme For Strings" without Plaintiff's license, permission, or consent.

43. Upon information and belief, the Music Lifeboat website, with excerpts from the infringing video lessons, became publicly accessible on or around December 2014 and in 2015 the Music Lifeboat included the entire collection of infringing video lessons on its website. Upon information and belief, the BandBlast mobile app became publicly accessible in June 2015. In the video lessons on the Music Lifeboat website and the Bandblast mobile app use approximately 150 of Plaintiff's lessons from his copyrighted curriculum "Patrick Ochion Jewell

Lesson Series for Beginning Band Instruments" and his copyrighted original song "Rockin' Out the Blues" without Plaintiff's license, permission, or consent.

44. The BandBlast mobile app also incorporates many novel and concrete ideas Plaintiff communicated to Defendants Brandon Bernstein, Terry Carter, and Scott Loring, including by not limited to, designing a mobile app for first year band and orchestra students; the inclusion of video lessons based on a "curriculum" that are instrument-specific and designed to supplement beginning band curriculum used in schools; the inclusion of games in the mobile app; and the inclusion of avatars that users could pick to represent them onscreen and that would play the games that follow the curriculum and video instruction designed for each instrument.

## Count I - Copyright Infringement
### Against All Defendants

45. Plaintiff repeats and realleges the allegations of paragraphs 1 through 44 as if fully set forth herein.

46. Plaintiff is the copyright owner of "Patrick Ochion Jewell Lesson Series for Beginning Band Instruments," "Rockin' Out the Blues" and "Theme for Strings."

47. Defendants have infringed and continue to infringe Plaintiff's copyrights by copying and distributing his curriculum and songs, without the permission, license, or consent of Plaintiff via their website www.musiclifeboat.org, their mobile app "BandBlast," and through their post of an infringing trailer on www.vimeo.com, in violation of the Federal Copyright Act, Title 17 of the U.S. Code.

48. Defendants have infringed and continue to infringe Plaintiff's works.

49. Upon information and belief, the infringement by Defendants was committed individually, jointly, contributorily and/or vicariously by and among said Defendants.

50. Defendant's infringement is and/or has been willful, deliberate, malicious and/or in reckless disregard of Plaintiff's rights.

51. As a result of Defendant's infringement, Plaintiff has been damaged in an amount yet to be ascertained.

52. As a result of Defendant's infringement, Plaintiff has been irreparably harmed and, absent a permanent injunction restraining and enjoining Defendant's actions, such irreparable harm will continue.

53. As a result of Defendant's infringement, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), including the increased damages for willful infringement. Alternatively, upon Plaintiff's election, Plaintiff shall be entitled to his actual damages plus Defendant's profits from infringement, as will be proven at trial.

### Count II – Breach of Contract

**Against Defendants Brandon Bernstein, Terry Carter, and Scott Loring**

54. Plaintiff repeats and realleges the allegations of paragraphs 1 through 53 as if fully set forth herein.

55. Defendants Brandon Bernstein, Terry Carter, and Scott Loring have knowingly, intentionally and deliberately failed to honor their contractual promises to Plaintiff.

56. As a result of the breach of Defendants Brandon Bernstein, Terry Carter, and Scott Loring, Plaintiff has been irreparably harmed.

57. As a result of the breach of Defendants Brandon Bernstein, Terry Carter, and Scott Loring, Plaintiff has been damaged, in an amount yet to be ascertained.

58. As a result of the breach of Defendants Brandon Bernstein, Terry Carter, and Scott Loring, Plaintiff is entitled to recover damages.

## Count III – Misappropriation of Ideas

### Against Defendants Brandon Bernstein, Terry Carter, and Scott Loring

59. Plaintiff repeats and realleges the allegations of paragraphs 1 through 58 as if fully set forth herein.

60. Plaintiff conceived of a novel and concrete idea of a music educational mobile app to teach children to play beginner band instruments as well as specific novel and concrete ideas related to the mobile app.

61. A nonexclusive list of Plaintiff's novel ideas that he communicated to Defendants Brandon Bernstein, Terry Carter, and Scott Loring by, at least, email and telephone are as follows:

   a. The mobile app should be designed for children and specifically first year band and orchestra students (generally 9 to 11 year olds) because there is about a 50% drop-off in the first few years of band and orchestra.

   b. There would be video lessons based on a "curriculum" that would be instrument-specific and would be designed to supplement the beginning band curriculum used in elementary schools.

   c. The mobile app would include games that follow the curriculum and video instruction designed for each instrument. The games would involve pitch recognition/pitch performance, rhythm, and basic notation reading skills.

    d.  The mobile app would involve the selection of an avatar that would represent users personality, furthering personal investment and attachment to the educational tool.

    e.  The games, lessons, and song recording on the mobile app would be packaged into large "chapters" or "levels" that fit together to help users learn a new song and new congruent skills, like in a video game. These levels would increase in difficulty to complement a student's first year beginning band curriculum.

    f.  This original mobile app would serve as the introduction of a series of apps that would expand both the student's experience/musical education, as well as expand the business. Plaintiff communicated several musical educational app ideas, including a "Rock and Roll" version of the same app.

62. Plaintiff developed and shared his ideas based on a contractual relationship between Plaintiff and Defendants Brandon Bernstein, Terry Carter, and Scott Loring.

63. Defendants Brandon Bernstein, Terry Carter, and Scott Loring unlawfully used Plaintiff's ideas in the BandBlast mobile app, Music Lifeboat website, and Music Lifeboat business for their own benefit, to Plaintiff's exclusion and expense.

64. Defendants Brandon Bernstein, Terry Carter, and Scott Loring's conduct has prevented Plaintiff from launching and commercializing his own music educational mobile app to teach children to play beginner band instruments.

65. Plaintiff is entitled to recover from Defendants Brandon Bernstein, Terry Carter, and Scott Loring in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff demands judgment:

a) That Defendants be held to have infringed Plaintiff's copyrights.

b) That Defendants be held to have willfully infringed Plaintiff's copyrights.

c) That Defendants be restrained and enjoined from infringing Plaintiff's copyrights in any manner, including but not limited to any infringement by the Music Lifeboat website, the Bandblast mobile app, and the Bandblast trailer.

d) That Defendants be restrained and enjoined from creating, issuing or distributing or otherwise publishing any promotional materials for Bandblast or any other mobile app that infringes Plaintiff's copyrights.

e) That Defendants be ordered to pay Plaintiff the maximum statutory damages, or, in the alternative, Plaintiff's monetary damages and any additional profits of Defendants attributable to Defendants' infringement.

f) That Defendants Brandon Bernstein, Terry Carter, and Scott Loring be held to have breached the agreement made with Plaintiff.

g) That Defendants Brandon Bernstein, Terry Carter, and Scott Loring be ordered to pay Plaintiff the profits Defendants Brandon Bernstein, Terry Carter, and Scott Loring have obtained from their breach of the agreement.

h) That Defendants Brandon Bernstein, Terry Carter, and Scott Loring be ordered to pay Plaintiff for the damages Plaintiff incurred as a result of Defendants Brandon Bernstein, Terry Carter, and Scott Loring's breach of the agreement.

i) That Defendants Brandon Bernstein, Terry Carter, and Scott Loring be held to have misappropriated Plaintiff's ideas.

j) That Defendants Brandon Bernstein, Terry Carter, and Scott Loring be ordered to pay Plaintiff the profits Defendants Brandon Bernstein, Terry Carter, and Scott Loring have obtained from their misappropriation of Plaintiff's ideas.

k) That Defendants Brandon Bernstein, Terry Carter, and Scott Loring be ordered to pay Plaintiff for the damages Plaintiff incurred as a result of Defendants Brandon Bernstein, Terry Carter, and Scott Loring's misappropriation of Plaintiff's ideas.

l) That Defendants be ordered to pay Plaintiff's attorneys fees and costs of the action.

m) That Defendants be ordered to pay pre-judgment interest.

n) That Plaintiff be awarded such other and further relief as this Court may deem just and proper.

**Jury Demand**

Plaintiff demands trial by jury.

Dated: March 31, 2016

By: /s/ Margaret A. Scoolidge

MARGARET A. SCOOLIDGE (MS 4557)
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, New York 10104-3800
Telephone: (212) 218-2100
Facsimile: (212) 218-2200
mscoolidge@fchs.com

Attorney for Plaintiff